SUPERIOR COURT  
BENNINGTON UNIT

CIVIL DIVISION  
Docket No. _____ Rdcv

BRIAN SIEGAL, Plaintiff )  
)  
v. )  
)  
TUMI, INC., aka TUMI STORES, )  
INC. and AMY McCOOEY, Defendants )

RECEIVED  
U.S. DISTRICT COURT  
NOV 25 2014  
5:14-cv-250  
RUTLAND, VT

## COMPLAINT AND JURY REQUEST

NOW COMES BRIAN SIEGAL (hereafter SIEGAL), by and through his attorneys, Tepper Dardeck Levins & Mann, LLP, and he makes this complaint and jury request in this employment action seeking compensation for harm caused by his employer TUMI, INC., (TUMI), and co-worker AMY McCOOEY (McCOOEY), as follows:

### JURISDICTION -- LAW

1. Defendant TUMI unlawfully retaliated against plaintiff SIEGAL for reporting the discriminatory conduct of co-worker McCOOEY.

2. Defendant TUMI violated its contractual obligations contained in its employee personnel policies by failing to follow its corrective action plan, failing to properly investigate and take action concerning McCOOEY's offensive sexual and religious slur, and failing to support SIEGAL in the supervision of employee McCOOEY.

3. Defendant McCOOEY unlawfully interfered with plaintiff's

FILED  
OCT 27 2014  
VERMONT SUPERIOR COURT  
BENNINGTON UNIT

employment contract rights.

4. Defendant McCOOEY harmed SIEGAL by making unlawful comments about his religion and sexual orientation.

5. Defendant TUMI violated Vermont's Fair Employment Practices Act (21 V.S.A. § 495 et sec) which protects against religious and sexual orientation discrimination.

## JURISDICTION -- GEOGRAPHIC

6. Plaintiff SIEGAL resides in Mt. Tabor, Vermont.

7. Defendant TUMI is a New Jersey corporation, headquartered in Plainfield, New Jersey, and having a merchandise sales outlet in Manchester, Vermont.

8. Defendant McCOOEY, we believe, resides in Cambridge, New York.

## FACTS

9. In 2013, Plaintiff SIEGAL was the store manager at the TUMI outlet store in Manchester, Vermont.

10. TUMI employed more than fifteen individuals.

11. In 2013, McCOOEY was an associate manager at the TUMI outlet store in Manchester.

12. In 2013, the associate manager McCOOEY violated TUMI policies by leaving the store open after closing; taking excessive smoke, cellphone and bathroom breaks; ignoring and being insubordinate toward her supervisor BRIAN SIEGAL; coming to work at times when she was not scheduled; and treating customers and SIEGAL without respect or dignity.

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW    73 CENTER STREET – RUTLAND, VERMONT 05701-4046

13. Plaintiff SIEGAL sought help from his supervisors in correcting McCOOEY's behavior.

14. The District Manager Vivian Ibarra and others failed to adequately support SIEGAL in his attempts to manage McCOOEY.

15. Defendant McCOOEY complained to superiors that Siegal "threw" a box at her on October 21, 2013.

16. On October 28, 2013, McCOOEY said to Plaintiff, "I have your job, you f---ing Jew fag."

17. Defendant TUMI notified SIEGAL that his employment was being terminated effective November 7, 2013.

18. TUMI told SIEGEL he was being fired because he threw a box at McCOOEY.

19. Plaintiff is Jewish and homosexual.

20. Plaintiff has suffered harm, including loss of compensation, and other benefits.

21. Plaintiff has suffered stress as a result of the termination.

## COUNT ONE

## BREACH OF CONTRACT

## VERSUS TUMI

22. Plaintiff repeats the allegations contained in Paragraphs 1 thru 21.

23. TUMI provides its employees with a comprehensive ASSOCIATE HANDBOOK.

24. In this handbook, there are numerous provisions promising fair and

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW          73 CENTER STREET – RUTLAND, VERMONT 05701-4046

reasonable treatment.

25. For example, TUMI states that it will treat all associates "fairly during their employment without regard to race, religion, color, sex, age, marital status, sexual orientation, gender identity, disability, national origin or veteran status." Page 10.

26. The TUMI handbook also promises that "all associates, customers and other individuals are treated with dignity and respect, free from harassment of any kind." Page 11.

27. Continuing, the policy says, "Tumi Stores will not tolerate any behavior that is inappropriate in a work environment, even if not by definition, harassment." Page 11. "No associate should be subjected to ethnic slurs or other verbal or physical harassment relating to the associate's national origin, color, race, gender, sexual orientation, gender identity, age or disability." Page 11.

28. Associates are expected to report harassment "as soon as possible." The Director of Human Resources has been designated as the "compliance officer for this policy." The Director shall immediately conduct a "complete investigation." At the close of the investigation, the complaining associate and the accused shall be advised of the results of the investigation. The person who is found to have violated the harassment policy "will be subject to discipline up to and including termination, depending upon the severity of the circumstances." Page 13.

29. TUMI's handbook encourages an "Open Door Policy" in which

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW    73 CENTER STREET – RUTLAND, VERMONT 05701-4046

employees are encouraged to talk with managers about any suggestions, problems, complaints, or other concerns. They are encouraged to "report any activates they observe at work which they reasonably believe violate law or public policy." Page 16.

30. The handbook states that there will be "no retaliation for reports based upon reasonable beliefs." Page 16.

31. TUMI offers health and dental benefits, short term disability, 529 college benefit plans, college course contributions, profit sharing, vacation time. Page 23.

32. TUMI encourages a work environment in which employees are respected and appreciated. Page 74.

33. The handbook emphasizes that employees are to treat each other with respect and dignity. Page 75.

34. TUMI has a Corrective Action policy:

> "Initial policy violations or instances of poor performance will normally be addressed as a First Warning through a Corrective Action Improvement Notice. If an associate's performance does not improve or another policy violation takes place, a second warning through a Corrective Action Notice will be administered. Additional offenses of policy violations or poor performance will result in suspension and/or termination. On occasion, however, the seriousness or nature of the associate's poor performance, misconduct or neglect will require the immediate imposition of more serious discipline, up to and including termination, even for a first offense." Page 95.

35. The store encourages Coaching to improve employee performance. Page 94.

36. By creating the favorable employment conditions, defendant gave

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW    73 CENTER STREET – RUTLAND, VERMONT 05701-4046

employees the expectation that they would be treated fairly and uniformly.

37. As a result of these promises, defendant received the benefits from its employees that such an atmosphere confers.

38. Defendant should not be permitted to disregard its commitments which were intended to generate an atmosphere of trust. Dillon v Champion Jogbra, Inc., 175 Vt. 1 ¶9 (2002).

39. These extensive and detailed handbook provisions modify the at-will employment status.

40. The progressive discipline and other pro-employee provisions create an implied contract of employment.

41. The covenant of good faith and fair dealing requires defendant to work with faithfulness to an agreed common purpose and consistency with the justified expectations of the plaintiff. Carmichael v. Adirondack Bottled Gas Corp. of Vt., 161 Vt. 200, 208 (1993); and Restatement (Second) of Contracts § 205, Comment A (1981).

42. TUMI failed to act in good faith and failed to deal fairly with their store manager, BRIAN SIEGAL.

43. TUMI did not properly support SIEGAL in his efforts to supervise and discipline McCOOEY.

44. TUMI failed to enforce its policy that employees treat one another with respect and dignity.

45. TUMI did not properly investigate or manage the complaint of religious and sexual slurs.

46. TUMI did not follow its corrective action policy.

47. As a result of these contract breaches, TUMI unlawfully caused SIEGAL harm of lost income and employment benefits.

## COUNT TWO

## RETALIATION VERSUS TUMI

48. Plaintiff repeats the allegations contained in Paragraphs 1 thru 47.

49. Defendant unlawfully retaliated against plaintiff for exercising rights protected by the TUMI contract and by the Civil Rights Act of 1969.

50. Plaintiff SIEGAL reported the sexual and religious slurs to his superiors.

51. SIEGAL's report of McCOOEY's discriminatory conduct is a legal cause of his termination.

52. Defendant's retaliation has caused plaintiff financial and emotional harm.

## COUNT THREE

## INTERFERENCE WITH CONTRACTUAL RELATIONS

## VERSUS MCCOOEY

53. Plaintiff repeats the allegations contained in Paragraphs 1 thru 52.

54. McCOOEY deceitfully claimed that SIEGAL threw a box at her.

55. Defendant McCOOEY told plaintiff that she would have his job.

56. McCOOEY acted outside the scope of her employment to further her own interests. Murray v. St. Michael's College, 164 Vt. 205, 213 (1995).

57. McCOOEY's actions were an unlawful cause of SIEGAL's loss of

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW        73 CENTER STREET – RUTLAND, VERMONT 05701-4046

employment, income and benefits, and creation of stress.

## COUNT FOUR

## VIOLATION OF FAIR EMPLOYMENT PRACTICES ACT

## VERSUS TUMI AND MCCOOEY

58. Plaintiff repeats the allegations contained in Paragraphs 1 thru 57.

59. McCOOEY called plaintiff a "f---ing Jew" and a "fag".

60. Religious affiliation is a protected status.

61. Sexual orientation is a protected status.

62. SIEGAL complained to TUMI regarding this statement.

63. TUMI failed to take adequate action to address this unlawful action.

64. As a result of these actions, plaintiff suffered harm, including the loss of employment.

## EXEMPLARY DAMAGES

## VERSUS TUMI AND MCCOOEY

65. The allegations in paragraphs 1 thru 64 are repeated here.

66. The actions of defendants TUMI and McCOOEY were done with malice or reckless indifference to plaintiff's protected rights.

67. Exemplary damages are appropriate to prevent future violations of this kind.

## JURY TRIAL

68. Plaintiff requests a trial by jury.

TEPPER DARDECK LEVINS & MANN, LLP – ATTORNEYS AT LAW          73 CENTER STREET – RUTLAND, VERMONT 05701-4046

## DAMAGES AND EQUITABLE RELIEF

WHERFORE, plaintiff seeks the following relief;

(a) Fair and reasonable compensation for lost wages, salary, health and other insurance benefits, pension and retirement benefits, past and future;

(b) Fair and reasonable compensation for stress, past and future;

(c) Exemplary damages;

(d) Reinstatement;

(e) Attorney and expert fees; and

(f) Costs and interest.

DATED at Rutland, Vermont this 14th day of October, 2014.

By: _____
James G. Levins, Esq.
Tepper Dardeck Levins & Mann, LLP
73 Center Street
Rutland, VT 05701
jlevins@tdlmlaw.com
(802) 775-4361
Attorney for Plaintiff Brian Siegal